**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| **IN RE:** | | |
| **RUSSELL EDWIN ANDERSON** | : | **CASE NO. 22-60960** |
| **D/B/A K&R CONSTRUCTION** | : | **CHAPTER 11** |
| | : | **JUDGE REBECCA CONNELLY** |

_____

**RUSSELL EDWIN ANDERSON**
**D/B/A K&R CONSTRUCTION,**

    **Movant,**

v.                                    **Contested Matter**

**GERALD DENNEY**
**JULIANNE DENNEY,**

    **Respondents.**

_____

**NOTICE OF HEARING & DEADLINE TO FILE OBJECTION**

    PLEASE TAKE NOTICE that the Movant has requested the entry an order granting the following Motion, a copy of which is attached hereto:

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF LAKE HOUSE PROJECTS AGREEMENT SIGNED DECEMBER 2, 2020, WITH THE DENNEYS AND THE RELEASE OF CERTAIN PERSONAL PROPERTY TO THE DENNEYS**

    PLEASE TAKE FURTHER NOTICE that a hearing on the Motion has been scheduled in the U.S. Bankruptcy Court for Western District of Virginia as follows:

| Date & Time | Location |
|---|---|
| Oct 26, 2022 at 11:00 a.m. | The hearing shall be held by VIDEO CONFERENCE. Parties shall NOT appear in person. Any party opposing the motion or otherwise seeking to be heard should read carefully the remainder of this Notice regarding the importance of filing a response and also appear at the hearing by remote means as follows: https://vawb-uscourts-gov.zoomgov.com/j/1603692643<br>Meeting ID: 1603692643 |

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 9013-1(M), any party wishing to object to the Motion must file a written response to the Motion with the Court and serve such objection upon the undersigned counsel by not less than seven (7) days before the date of the hearing specified in this Notice, and that the failure to file a response by this deadline may result in the Court treating the Motion as uncontested, entering an order granting the Motion prior to the hearing, cancelling the hearing described in this Notice, and / or taking such other action as may be appropriate to further the ends of justice.

Date:  October 5, 2022　　　　　　　　RUSSELL EDWIN ANDERSON
　　　　　　　　　　　　　　　　　　　D/B/A K&R CONSTRUCTION

　　　　　　　　　　　　　　　　　　　By:　　/s/ David Cox
　　　　　　　　　　　　　　　　　　　　　　　　Counsel

David Cox (VSB No. 38670)
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
Telephone:　　434-845-2600
Facsimile:　　434-845-0727
Email:  david@coxlawgroup.com
Counsel for the Debtor / Movant


## CERTIFICATE OF SERVICE

　　　I hereby certify that on October 5, 2022, I filed the foregoing Notice and Motion using the CM/ECF filing system, causing service by electronic notice upon all parties requesting electronic notice, and on the same date served the parties listed below.

| Party | Method of Service |
|---|---|
| All parties on the mailing matrix in this case | by first class mail, postage prepaid |

　　　　　　　　　　　　　　　　　　　　/s/ David Cox
　　　　　　　　　　　　　　　　　　　　　David Cox

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

IN RE:
**RUSSELL EDWIN ANDERSON**     :     **CASE NO. 22-60960**
                                                                            :     **CHAPTER 11**
                                                                            :     **JUDGE REBECCA CONNELLY**

_____

**RUSSELL EDWIN ANDERSON**
**D/B/A K&R CONSTRUCTION,**

    Movant,

v.                                                                                    **Contested Matter**

**GERALD DENNEY**
**JULIANNE DENNEY,**

    Respondents.

_____

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF LAKE HOUSE PROJECTS AGREEMENT SIGNED DECEMBER 2, 2020, WITH THE DENNEYS AND THE RELEASE OF CERTAIN PERSONAL PROPERTY TO THE DENNEYS**

Russel Edwin Anderson, d/b/a K&R Construction, as Debtor and Debtor-in-Possession in these proceedings (the "Debtor"), by counsel, hereby files this motion (the "Motion") for entry of an order authorizing the Debtor to reject the Lake House Projects Agreement signed December 2, 2020, (the "Agreement") with Gerald Denney and Julianne Denney (the "Denneys") effective as of the Petition Date (as defined below) pursuant to § 365 of Title 11 of the United States Code (the "Bankruptcy Code") and to release to the Denneys certain items of personal property that they own, and in support thereof, respectfully represents:

**Background and Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. The predicates for the relief requested herein are §§ 105(a) and 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules.

4. On September 22, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned Chapter 11 case (the "Case"). The Debtor elected to proceed under Subchapter V of Chapter 11.

5. The Debtor continues in the possession of its property and continues to operate and manage its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. On September 26, 2022, William E. Callahan, Jr., was appointed as Subchapter V Trustee.  No official committee of unsecured creditors has been appointed in this case as of the date of this motion.

7. Prior to the Petition Date, on or about September 22, 2021, the Debtor entered into the Agreement with the Denneys that is attached as EXHIBIT A.

8. Pursuant to the Agreement, the Debtor was to complete several carpentry projects at the Denneys' lake house property.

9. The parties acknowledge the existences of an additional contract executed on August 1, 2021, by Gerald Denney and the Debtor for the completion of certain other carpentry projects

at the Denneys' lake house (the "Second Lake House Agreement"). The Second Lake House Agreement is not the subject of this motion and is specifically excluded from the relief requested herein.

10. In connection with the rejection of the Agreement, the Denneys have not agreed to waive any claims he may have related to the Agreement against the Debtor, including but not limited to a claim based upon the Debtor's rejection of the Agreement. Likewise, the Debtor does not waive any objection he may raise to the allowance of any claim that the Denneys may file herein and the Debtor reserves its right to assume, assign, or reject all other executory contracts or leases with the Denneys or any other party, and nothing herein shall be deemed to affect such rights.

11. As of the date of this Motion, the Agreement remains subject to assumption or rejection pursuant to § 365 of the Bankruptcy Code.

## RELIEF REQUESTED

12. By this Motion, the Debtor respectfully requests that this Court enter the proposed order (the "Proposed Order") attached hereto as EXHIBIT B authorizing the Debtor to reject the Agreement.

13. The Debtor is continuing to review and evaluate all of its other executory contracts and unexpired leases. Accordingly, the Debtor reserves the right to seek to assume or reject additional executory contracts and unexpired leases in the future. This Motion should not be construed as a determination that any executory contracts or unexpired leases not contained herein are to be assumed or rejected.

14. The relief requested in this Motion is consistent with the Debtor's intention to accept profitable contracts and move on from those that are not.

**BASIS FOR RELIEF**

15. Section 365(a) of the Bankruptcy Code provides that a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); see also *In re A.H. Robins Co.*, 68 B.R. 705, 707 (Bankr. E.D. Va. 1986) (Section 365 "gives the trustee or the debtor-in-possession the authority to determine which contracts it wishes to assume or reject. The provision permits the debtor-in- possession to avoid contracts which are burdensome and to retain others which it believes are beneficial to the reorganization effort." (internal footnotes and citations omitted)).

16. An "executory contract" is a contract where the obligations of the debtor and the non-debtor counterparty "are so far unperformed that the failure of either to complete the performance would constitute a material breach excusing the performance of the other." *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1045 (4th Cir. 1985) ("[A] contract is executory if performance is due to some extent on both sides."). In this instance, the Agreement is an executory contract because both the Debtor and the Denneys have continuing and unfulfilled obligations. The full scope of work contemplated to be performed by the Debtor under the Agreement is incomplete and consequently, the payments and other obligations owed to the Debtor from the Denneys have not been satisfied.

17. The standard applied to determine whether assumption or rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard. *See Grp. Of Institutional Investors v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943) (the question of assumption "is one of business judgment"); *see also In re Wash. Capital Aviation & Leasing*, 156 B.R. 167, 172 (Bankr. E.D. Va. 1993), *In re Del Grosso*, 115 B.R. 136, 138 (Bankr. N.D. Ill. 1990) ("[T]he standard to be applied for approval of the assumption is the

business judgment standard . . . ."), *Johnson v. Fairco Corp.*, 61 B.R. 317, 320 (N.D. Ill. 1986), *Lubrizol*, 756 F.2d at 1046. Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of "bad faith or in gross abuse of the [debtor's] retained business discretion." *Lubrizol*, 756 F.2d at 1047. If a debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an executory contract or unexpired lease. *See, e.g., Ryan, Inc. v. Circuit City Stores, Inc.*, 3:10CV496- HEH, 2010 WL 4735821 (E.D. Va. Nov. 15, 2010) ("Section 365 of the Bankruptcy Code leaves the decision whether to assume or reject to the debtor's sound business judgment"); *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. denied*, 811 U.S. 1026 (1994) ("[A] motion to assume should be considered a summary proceeding, intended to efficiently review the trustee's or debtor's decision to adhere to or reject a particular contract in the course of the swift administration of the bankruptcy estate.").

18. The Bankruptcy Court for the Eastern District of Virginia applied the application of the business judgment rule to the rejection of executory contracts in *In re Circuit City Stores, Inc.*, No. 08–35653, 2010 WL 2425957, at *3 (Bankr. E.D. Va. June 9, 2010) (Huennekens, J.), and stated:

> [u]nlike many other sections of the Bankruptcy Code, § 365(a) of the Bankruptcy Code does not require a showing of "cause" to support a Debtor's decision to assume or reject an executory contract. Rather, the debtor's determination to reject an executory contract is governed by the "business judgment" standard. Once the Debtors articulate a valid business justification, "[t]he business judgment rule becomes 'a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in honest belief that the action taken was in the best interests of the company.'" The Court should defer to the business judgment of the Debtors, unless "the decision of the [Debtors] that rejection will be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Id.* (quoting *Official*

*Comm. of Subordinated Bondholders v. Integrated Res., Inc.* (*In re Integrated Res., Inc.*), 147 B.R. 650, 656 (S.D.N.Y. 1992); *Lubrizol*, 756 F.2d at 1046–47.

19. Additionally, courts look to the effect that continued performance of the contract or lease will have on the estate, and assumption or rejection will be approved on a showing that the action will benefit the estate. *See In re Extraction Techs. of VA, L.L.C.*, 296 B.R. 393, 399 (Bankr. E.D. Va. 2001) ("Section 365(a) of the Bankruptcy Code authorizes a debtor with approval of the court to assume or reject an executory contract or unexpired lease if the action is a reasonable exercise of debtor's business judgment and benefits debtor's estate."); *In re Del Grosso*, 115 B.R. at 138 (authorization to assume depends on "whether performance of the contract will be advantageous to the estate.").

20. The Debtor has determined, in the exercise of its business judgment, that it is in the best interests of its estate to reject the Agreement. Rejection will benefit the Debtor and the bankruptcy estate by freeing up additional time and resources of the Debtor to complete other work that will provide a benefit to the estate. Further, the Debtor, in its business judgment and based on the history of the parties dealings prepetition, does not expect to be able to complete the Agreement to the satisfaction of the Denneys in a manner deemed timely by the Denneys nor at a profit based on the balance remaining to be paid by the Denneys under the completed Agreement. Thus, rejection under the terms set forth herein also benefits the Debtor's bankruptcy estate by permitting the Debtor to focus his resources of time and talent on other more profitable work.

21. The Debtor acknowledges the existence of certain items of personal property owned by the Denneys (the "Personal Property") that are related to certain of the woodworking projects between the parties, including the projects contemplated by the Agreement. The Personal

Property is comprised of the following: a walnut Lane table and stacked lumber cut from land of the Denneys. The Debtor has no claim to and is not owed compensation for work done on the Personal Property and as such, asserts no interest in said property. There is no equity in the Personal Property that will benefit the estate, and the continued existence of the Personal Property at the Debtor's place of business arguably creates potential liability for the estate. Accordingly, by this motion, the Debtor also seeks to abandon from the estate any interest it may have in the Personal Property.

21. The relief requested in this Motion will permit the Debtor to focus on productive and profitable business endeavors. Without the authority to reject the Agreement, the Debtor would spend unnecessary capital performing its contractual obligations at a loss.

## NOTICE

22. Bankruptcy Rule 6006(c) provides that "[n]otice of a motion [to assume an executory contract] shall be given to the other party to the contract or lease, to other parties in interest as the court may direct, and, except in a chapter 9 municipality case, to the United States trustee." Fed. R. Bankr. P. 6006(c).

23. Pursuant to Bankruptcy Rule 6006(c), this Motion has been served on the Denneys, the Office of the United States Trustee for the Western District of Virginia, the Subchapter V Trustee, and all other parties on the mailing matrix or who have filed notices of appearance in the case through the Court's CM/ECF system.

## NO PRIOR REQUEST

24. No previous request for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter the Proposed Order substantially in the form annexed hereto as EXHIBIT B authorizing the Debtor to (a) reject the Agreement, (b) abandon from the estate and release to the Denneys the Personal Property identified herein, and (c) for the Court to grant such other and further relief the Court deems proper.

Date:  October 5, 2022

Respectfully submitted,

COX LAW GROUP, PLLC

By:  _/s/ David Cox_____
     Proposed Counsel for Debtor

David Cox, VSB #38670
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
434/845-2600
843/845-0727 fax
david@coxlawgroup.com

**EXHIBIT A**

## K&R Construction

Page 1 of 3

November 30, 2020

**Denney Lake House**
**Job proposal**

Job consists of:
Pedestrian Door Unit:
- Constructed out of Thermory lumber.
- Includes complete door unit with ball bearing hinges, weather stripping, commercial threshold, self-lifting door sweep and interior and exterior casing.
- Includes insulated frosted glass.
- Pre-stained with chestnut Cutek stain.
- Door knob and dead bolt are not included in this price.          Price: $8,000.00

Kitchen Cabinetry:
- Fabricating paint grade cabinetry on (3) walls and a center island.
- All cabinetry and accessories will be built and installed as close as possible to drawings provided by Kelsey Vitullo dated 10/29/2018.
- Price includes fabrication, custom installation and pre-finishing of all cabinetry to match paint color to be provided by client.
- Price includes floating wall shelving.
- Price excludes appliances, counter tops, and any plumbing and electrical work.
- Cabinet door and drawer knobs and or pulls are not included but can be installed by K&R Construction Co. if provided by the date of cabinet installation.     Price: $37,000.00

Laundry Room Cabinetry
- Fabricating paint grade wall cabinets, counter top with shelving and closet rod to closely resemble sketch provided by Kelsey Vitullo dated 11/2/17.
- Wall cabinets and counter top with shelving will be pre-finished to match paint color provided by client.
- Door knobs and or pulls are not included by can be installed by K&R Construction Co. if provided by the date of cabinet installation.     Price: $3,200.00

Powder Room Vanity
- Fabricating a paint grade vanity to closely resemble drawing provided by Kelsey Vitullo dated 11/2/2017.
- Vanity will be custom installed and pre-finished to match paint color provided by client.
- Price excludes counter top, faucet and any related plumbing.
- Cabinet door and drawer front knobs and or pulls are not included but can be installed by K&R Construction Co if provided by the date of cabinet installation.     Price: $3,400.00

106 Church Lane
Faber, VA  22938

krconstruction02.com

434-996-2363
krconstruction02@yahoo.com

## K&R Construction

Page 2 of 3

**Master Bedroom Vanities**
- Fabricating (2) paint grade vanities to closely resemble drawings provided by Kelsey Vitullo dated 11/2/17.
- Price includes custom installation and pre-finishing to match paint color to be provided by client.
- Price excludes counter tops, faucet and any related plumbing.
- Door and drawer front knobs and or pulls are not included but can be installed by K&R Construction Co. if provided by the date of cabinet installation.   Price: $3,650.00

**Bedroom #2 bathroom vanities**
- Fabricating (2) furniture grade clear finished walnut bathroom vanities to closely resemble drawings provided by Kelsey Vitullo dated 11/2/17.
- Price includes delivery and attaching vanities to the wall.
- Price excludes counter top, faucet and any related plumbing.
- Drawer knobs and or pulls are not included but can be installed by K&R Construction Co. if provided by the date of cabinet installation.   Price: $7,200.00

**Bedroom #1 and #3 built in closets**
- Fabricating paint grade cabinetry to closely resemble drawings provided by Kelsey Vitullo dated 11/2/17.
- Price includes custom installation and pre-finishing to match paint color to be provided by client.
- Door and drawer front knobs and or pulls are not included but can be installed by K&R Construction Co if provided by date of cabinet installation.   Price: $15,000.00

**Bedroom #1 and #3 bathroom vanities**
- Fabricating (2) paint grade bathroom vanities to closely resemble drawings provided by Kelsey Vitullo dated 11/2/20.
- Price includes custom installation and pre-finishing to match paint color to be provided by client.
- Price excludes counter tops, faucets and any related plumbing.
- Door and drawer front knobs and or pulls are not included by can be installed by K&R Construction Co. if provided by the date of cabinet installation.   Price: $8,200.00

**Garage doors and divider panel**
- Fabricating (2) garage door panels and (1) divider panel out of Thermory lumber to closely resemble drawings provided by Kelsey Vitullo dated 10/29/18.
- Price includes delivery and pre-finishing with Chestnut Cutek stain.
- Garage door hardware and installation is not provided by K&R Construction Co.
   Price: $12,500.00

**Over all job notes:**
- All cabinet doors and large drawer fronts are to be a flat panel inset design with a full overlay.
- All shelving that is not structural is fully adjustable.
- All doors will be mounted on concealed hinges with soft close technology.
- All standard drawers will be mounted on undermount tandem runners with assisted closing technology.
- All wooden surfaces will be sprayed in industrial grade lacquer.
- All paint grade cabinetry will be sprayed in a custom tinted industrial lacquer.
- Prices are good for 30 days from the date of the proposal.

106 Church Lane           krconstruction02.com              434-996-2363
Faber, VA  22938                                  krconstruction02@yahoo.com

## K&R Construction

Page 3 of 3

Total job price: $98,150.00
Required deposit: $49,075.00

Half the remaining amount of each item completed by K&R Construction Co. is due upon delivery or storage by K&R Construction Co. and the final amount is due upon completion of installation.

_____   12-1-2020
Approved by                       Date

_____   12-1-2020
Approved by                       Date

_____   12/1/20
Approved by                       Date

106 Church Lane            krconstruction02.com            434-996-2363
Faber, VA  22938                                  krconstruction02@yahoo.com

# **EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

**IN RE:**
**RUSSELL EDWIN ANDERSON**          :     **CASE NO. 22-60960**
                                    :     **CHAPTER 11**
                                    :     **JUDGE REBECCA CONNELLY**

---

**RUSSELL EDWIN ANDERSON**
**D/B/A K&R CONSTRUCTION,**

    **Movant,**

v.                                        **Contested Matter**

**GERALD DENNEY**
**JULIANNE DENNEY,**

    **Respondents.**

---

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING REJECTION OF AGREEMENT WITH THE DENNEYS AND THE**
**RELEASE OF CERTAIN PERSONAL PROPERTY TO THE DENNEYS**

Upon the Motion of Russel Edwin Anderson, d/b/a K&R Construction, as Debtor and

Debtor-in-Possession in these proceedings (the "Debtor"), pursuant to sections 105 and 365 of

Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), requesting entry of an Order authorizing the rejection of the Lake House Projects Agreement signed December 2, 2020 (the "Agreement") between the Debtor and Gerald Denney and Julianne Denney (the "Denneys") and the release to the Denneys of certain items of personal property owned by them as identified in the Motion (the "Personal Property"); and the Court having reviewed the Motion; and the Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b) and finding that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that the rejection of the Agreement between and among the Debtor and the Denneys is a reasonable and prudent exercise of the Debtor's sound business judgment and that the estate has no interest in the Personal Property; and it appearing that proper and adequate notice of the Motion has been given under the circumstances and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Motion is GRANTED.

2. Pursuant to section 365 of the Bankruptcy Code, the rejection of the Agreement by the Debtor is hereby APPROVED effective as of the Petition Date.

3. Any claim of the Denneys that they may have against the Debtor and its estate related to the rejection of the Agreement must be filed no later than the claims bar deadline for nongovernmental unit creditors established by the Court in this case, to wit: December 1, 2022.

4. Nothing herein shall affect the rights of the Debtor to object to the allowance of any claim filed by the Denneys or to assume, assign, or reject all other executory contracts or leases with the Denneys or any other party.

5. There is no equity in nor claim to the Personal Property that will benefit the estate; the Personal Property is abandoned from the estate and may be released by the Debtor to Mr. Denney.

6. This Order is effective immediately and any applicable stay of this Order is waived.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**End of Order**

I ask for this:

_____
David Cox, VSB #38670
COX LAW GROUP, PLLC
900 Lakeside Drive
Lynchburg, VA 24501
434/845-2600
843/845-0727 fax
david@coxlawgroup.com
Counsel for the Debtor


Agreed:

/s/
Douglas E. Little
DOUGLAS E. LITTLE, ATTORNEY AT LAW
VSB #15238
P.O. Box 254
Charlottesville, VA 22902
434/977-4500
434/293-5727 (fax)
mailto:delittleesq@aol.com
Counsel for the Denneys