**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**

IN RE:
**RUSSELL EDWIN ANDERSON**         :     **CASE NO. 22-60960**
**D/B/A K&R CONSTRUCTION,**        :     **CHAPTER 11**
   **Debtor.**                              :     **JUDGE REBECCA CONNELLY**
_____

**DEBTOR'S STATEMENT PURSUANT TO 11 U.S.C. § 1181(c)**

Russel Edwin Anderson, d/b/a K&R Construction, as Debtor and Debtor-in-Possession in these proceedings (the "Debtor"), by counsel, and pursuant to 11 U.S.C. § 1181(c), respectfully represents as follows:

1. On September 22, 2022 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code and elected to proceed under subchapter V of chapter 11 as part of that initial filing.

2. The Debtor is authorized to continue to operate its business and manage its property as debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. No trustee, examiner or statutory committee has been appointed in this Case by the Office of the United States Trustee (the "U.S. Trustee"). William E. Callahan, Jr., was appointed as the Subchapter V Trustee (the "Subchapter V Trustee") in this case.

3. The Debtor is a sole proprietor operating in Nelson County, Virginia, and the surrounding area. The Debtor is a woodworker and completes woodworking projects, typically for homeowners and business owners in the region.

4. The Debtor's prepetition financial problems arose from several sources, including the following. The Debtor took on a number of woodworking projects that required several employees in addition to his own time and attention. Regrettably, the Debtor was unable to

complete many of these projects timely due to difficulties maintaining employees during the pandemic and due to personal issues, including the illness and death of his father and the resulting need to provide care and assistance to his mother, that took his time away from the business.

5. The Debtor ultimately filed the Chapter 11, Subchapter V, case in an attempt to reorganize and restructure its debt.

6. The Debtor expects to be able to reorganize his business successfully post-petition. The Debtor is scaling back the size of his business to something more manageable such that he, along with the help of perhaps just a single employee, can maintain. The Debtor has identified the employee he intends to bring on to the business as the demand for "extra hands" in his workshop increases. The Debtor is evaluating his contracts with customers and intends to reject those that he is unable to complete within budget or timely and move forward with those contracts that will be profitable.

7. On September 29, 2022, the Court entered the *Order Setting (A) Status Conference; (B) Claims Bar Date; (C) Deadline for Election under 11 U.S.C. §1111(b)(2); and (D) Other Deadlines* [Docket No. 15] ("Scheduling Order"), scheduling (a) the Status Conference for November 16, 2022, at 11:00 a.m., and (b) the deadline for filing the report required by 11 U.S.C. § 1188(c).

8. Section 1188(c) requires that the report explain the efforts that the Debtor "has undertaken and will undertake to attain a consensual plan of reorganization." This report is intended to satisfy the requirements of 11 U.S.C. § 1188(c).

9. Since the Petition Date, the Debtor's counsel has engaged in discussions with counsel for one of the largest creditors concerning the proposed treatment of the allowed claims of such creditor in the Debtor's reorganization plan.

10. In an effort to encourage further dialogue with all claimants toward a consensual plan, the Debtor describes below the approach the Debtor expects to take with respect to the plan it intends to submit to the Court, consistent with the discussions its counsel has had to date with the larger creditors in the case. This information is provided in the spirit of subchapter V's goal of encouraging consensual plan terms and cooperation among the parties; however, the Debtor expressly reserves the right to deviate from these terms as it may deem appropriate before the filing of its plan.

11. The Debtor anticipates the claimants to be addressed by its plan will include a lender secured by his home, priority creditors, a lender with a claim asserting a lien against an asset of the business, and general unsecured creditors, including creditors with lease rejection damages.

12. The Debtor intends to fund its plan (the "Plan Funding") through its business operations.

13. With respect to the claims of the lender secured by his home, the Debtor does not intend to modify such claim and intends to continue to make regular timely contractual payments toward the same.

14. Any allowed administrative or priority claims shall be satisfied in full from the Plan Funding.

15. With respect to the claims of the lender secured by an asset of the business, the Debtor expects to modify the claim to the extent permitted under 11 U.S.C. § 1123(b)(5) and then pay the allowed secured claim with interest over the term of the plan.

16. The allowed general unsecured claims would be paid pro rata from any remaining Plan Funding available after the satisfaction of the aforementioned claims and in an amount not less than the value that such claims would receive in a hypothetical chapter 7 liquidation.

17.     The Debtor expects to derive the income necessary to fund the regular monthly payments required by its plan from its ongoing business operations.

18.     Based upon the anticipated treatment set forth herein, the fact that such treatment results in the allowed general unsecured claimants receiving a larger dividend on claims than would be received in a chapter 7, the Debtor's ability to fund a chapter 11 plan, and the discussions of Debtor's counsel with counsel for many of the largest creditors, the Debtor is optimistic that a consensual plan may be reached.

19.     Counsel for the Debtor has also been in communication with the Subchapter V Trustee, keeping him informed as to the Debtor's progress toward a consensual plan and receiving and incorporating feedback and suggestions from him regarding the same.

November 3, 2022                                             Respectfully submitted,

**Russel Edwin Anderson,
d/b/a K&R Construction**

By: /s/ David Cox

David Cox, VSB 38670
Cox Law Group, PLLC
900 Lakeside Drive, Lynchburg, VA 24501
Tel: 434-845-2600
Fax: 434-845-0727
Email: mailto:david@coxlawgroup.com
Counsel for Debtor and Debtor in Possession

Certificate of Service

I hereby certify that on this 3rd Day of November, 2022, I caused the foregoing to be electronically filed with the United States Bankruptcy Court, thereby causing electronic notice upon all parties designated to receive the same.  A copy of the foregoing was also mailed on the same day via first class U.S. mail to the parties identified on the mailing matrix maintained by the Clerk's Office in this case who would not receive the document through the Court's CMF/ECF system.

/s/ David Cox

4